UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICKEY WAYNE TOLBERT, JR.                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:18-CV-128-DPJ-JCG

WARDEN NASH, ET AL.                                                                        DEFENDANTS

ORDER

This *Bivens* case is before the Court on Defendants' Motion to Dismiss [55] and the Report and Recommendation (R&R) [61] of United States Magistrate Judge John C. Gargiulo.[1] Plaintiff Rickey Wayne Tolbert, Jr., filed timely Objections [62], but for the following reasons, the Court adopts the R&R as the Court's opinion.

In his well-written and reasoned R&R, Judge Gargiulo chronicled Tolbert's numerous grievances against the named defendants. In basic terms, Tolbert says he was unjustly kept in the Special Housing Unit (SHU) at FCI Yazoo City based on disciplinary rulings that he disputes. Tolbert claims that he was discriminated against based on his disciplinary history and that the decisions related to his time in the SHU violated his right to due process, the right to freely exercise his religion, the protection against double jeopardy, and the right to be free from cruel and unusual punishment. He also asserts that while in the SHU, he missed his regularly scheduled medical appointments.

Judge Gargiulo recommended dismissal of Tolbert's claims as follows: (1) dismissal without prejudice of the claims against Defendants Jackson, Martin, and Martinez, as Tolbert

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

"stated that he wished to voluntarily dismiss these Defendants," R&R [61] at 4;[2] (2) dismissal of the official-capacity claims on the basis of sovereign immunity, *id.* at 5–6; (3) denial of Tolbert's request for expungement as not cognizable in a *Bivens* action, *id.* at 6; (4) dismissal of Tolbert's double-jeopardy claim for failure to state a claim, *id.*; (5) dismissal of Tolbert's Eighth Amendment inadequate-medical-care claim because Tolbert "did not state which Defendants denied his requests for medical care or when the denials occurred," *id.* at 12; and (6) dismissal of Tolbert's remaining *Bivens* claims as outside the historical context in which *Bivens* has previously been applied, *id.* at 6–11.

In his Objections, Tolbert fails to directly address several of the claims for which Judge Gargiulo recommended dismissal. He does, however, attempt to address the claims related to his stay in the SHU and his medical claims. As to the first,

> Tolbert contends that defendants "violated" his due process, the double jeopardy clause, and the cruel and unusual punishment clause[ b]y agreeing as an administration to keep Tolbert in SHU, after he was approved by U.S.P. administration to be released after serving his detention time under the 196 violation.

Objs. [62] at 4.

Although Tolbert attempts to better define his SHU-related claims in his Objections, he never addresses Judge Gargiulo's legal reason for dismissing them. As the magistrate judge noted, "expanding the *Bivens* remedy" to cases where it has not been recognized "is now a 'disfavored' judicial activity." R&R [61] at 7 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009))). Indeed "for almost 40 years, [the

---

[2] In his Objections, Tolbert also stated that Defendants Sawyer and Epps may be dismissed. Objs. [62] at 6. Those Defendants were entitled to dismissal anyway, so the claims against them are dismissed with prejudice.

United States Supreme Court has] consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

Tolbert's claims related to the time he spent in the SHU would constitute new claims under *Bivens*. *Id*. And Judge Gargiulo's analysis of whether "special factors counsel[] hesitation" in extending *Bivens* to Tolbert's claims was thorough and sound. *Bivens*, 403 U.S. at 396; *see Cantú v. Moody*, 933 F.3d 414, 421–22 (5th Cir. 2019) (explaining that Supreme Court "has admonished us to exercise 'caution' in the 'disfavored judicial activity' of extending *Bivens* to any new set of facts" (quoting *Ziglar*, 137 S. Ct. at 1857)). Other than the medical-care issue discussed next, the claims related to Tolbert's confinement in the SHU are not recognized *Bivens* claims.

Assuming *Bivens* would recognize Tolbert's alleged medical-care claim—which is not necessarily so—he has never sufficiently pleaded an Eighth Amendment violation. As noted in the R&R, Judge Gargiulo gave Tolbert an opportunity to provide the necessary facts after his Complaint fell short. *See* R&R [61] at 12. Tolbert responded to that Order, but he failed to offer more than conclusory assertions. *Id*.

His Objections are no better. Tolbert does name Defendant Crawford as the one who denied his medical care, asserting that the stay in the SHU prevented his regularly scheduled checkups for his medical conditions. Objs. [62] at 6. But beyond that, Tolbert offers no factual averments that would present a plausible claim. Instead, Tolbert states that he "presented as evidence to the court that he filed several complaints through the Bureau of Prisons Remedy Process" that "were clearly ignored." *Id.* at 2; *see also id.* at 1–2 (referencing Eighth Amendment right to "receive adequate medical care"); *id.* at 6 ("Tolbert was denied proper medical attention being a chronic care inmate for high blood pressure and kidney disease which

3

are all life threaten[ing] medical issues."). The Court has reviewed the documents Tolbert submitted in support of his claim, and none of the complaints indicate that he sought but was denied medical attention by any defendant. Instead, they are almost exclusively focused on his dissatisfaction with his continued confinement in the SHU. He has not stated a plausible claim.[3]

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Court adopts the Report and Recommendation [61] as its opinion. Defendants' Motion to Dismiss [55] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even assuming Tolbert did miss his regular checkups, he was seen by a doctor during his time in the SHU. R&R [61] at 13. Those facts would fail to state an Eighth Amendment claim because delay in medical care "can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)). There are no such allegations.